UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARECHAL MOORE,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     CASE NO 4:23CV956 HEA
                                         )
WE SHIP EXPRESS, INC. and                )
KASANDRA MORUZZI,                        )
                                         )
            Defendants.                  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or in the Alternative, to Stay Proceedings and Compel Arbitration, [Doc. No. 9], and Plaintiff's Motion to Remand. Plaintiff has not responded to the Motion to Dismiss, rather, Plaintiff has filed a Motion to Remand, [Doc. No. 12]. Defendants oppose the Motion to Remand. For the reasons set forth below, the Motion to Dismiss is granted.

### Facts and Background

Plaintiff originally filed this action in the Circuit Court of St. Charles County, Missouri on July 31, 2023.  The Petition alleges claims for racial discrimination in violation of the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 against Defendant We Ship Express, INC., (Count I) and defamation

against Defendant Kasandra Moruzzi, (Count II); and Tortious Interference Against Moruzzi, (Count III)

Defendant removed the matter based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Although Defendant Moruzzi is a citizen of the state of Missouri, as is Plaintiff, Defendants argue she was fraudulently joined in this matter, and as such, her citizenship should be disregarded for purposes of the Court's diversity of citizenship jurisdiction.

Plaintiff claims he was discriminated against based on his race by his employer, Defendant We Ship Express, Inc. Plaintiff claims his employment was terminated after he attempted to seek an assistant to work with him and after he attempted to mediate an oral dispute between two white employees, one being Defendant Moruzzi. Moruzzi resigned her position but was asked to return to work. Plaintiff was never asked to return to work, and he was never given an opportunity to rebut allegations against him made by Moruzzi.

He also claims Defendant Moruzzi made a false harassment complaint against Plaintiff. Plaintiff claims the false harassment complaint gives rise to a claim for defamation and "tortious interference."

## Discussion

**Motion to Remand**

Plaintiff moves to remand this action based on the lack of complete diversity between Plaintiff and Defendant Moruzzi. Defendants argue there is no reasonable basis in fact or law for Plaintiff's defamation claim.

Plaintiff's claim against Defendant Moruzzi is barred by the intra-corporate immunity rule. Plaintiff accuses Defendant of defaming him by making a false harassment claim against him. Plaintiff does not allege specifically to whom the statements were made, nor does he specifically state what the facts of the claim was, but he asserts that both he and Moruzzi were discharged from their employment and Moruzzi was invited back to work for Defendant We Ship Express.

Defamation requires proof that there was a " '1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation.' " *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. 2017) (quoting *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 598-99 (Mo. 2013)). A person publishes a slanderous or defamatory statement "by communicating the defamatory matter to a third person." *Gray v. AT&T Corp.*, 357 F.3d 763, 765 (8th Cir. 2004). "[P]ublication of the slanderous or libelous statement is a proof essential to the defamation tort." Lovelace v. Long John Silver's, Inc., 841 S.W.2d 682, 685 (Mo. Ct. App. 1992) (citing *Herberholt v.*

*DePaul Community Health Center*, 625 S.W.2d 617, 624 (Mo. 1981). Defendants argue that Plaintiff's defamation claim fails to satisfy the "essential" publication element, because Plaintiff alleges only that Moruzzi made the statements to We Ship Express, making the statements "intra-corporate communications," which do not qualify as publications under Missouri law. The intra-corporate immunity rule "rests on the premise that a corporation can only communicate through its employees," *Lamison v. Ferguson Enter., INC.*, 2023 WL 375372, at *3 (W.D. Mo. Jan. 24, 2023), and therefore, "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Hellesen v. Knaus Truck Lines*, 370 S.W. 2d 341, 344 (Mo. 1963). The intra-corporate immunity rule allows for free communication within an organization "without a finding that such communication is a publication for purposes of defamation." *Lamison*, 2023 WL 375372, at *4; see also *Long John Silver's*, 841 S.W.2d at 684 ("Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business."). Communications about personnel issues are considered to be made in the "due and regular course of corporate business." *Long John Silver's*, 841 S.W.2d at 684.

With respect to Count III, "tortious interference," Plaintiff's Motion to Remand only urges that he has a colorable defamation claim against Moruzzi; he fails to set forth any basis for any type of "tortious interference" of any kind under any federal or state law. The Motion to Remand will be denied.

**Motion to Dismiss**

**Arbitration**

Defendant moves to compel arbitration and to dismiss this action.  Plaintiff began his employment with Defendant We Ship Express on April 6, 2020. On March 9, 2021, Plaintiff signed a Mutual Arbitration Agreement with Defendant We Ship Express wherein both parties agreed to arbitrate covered disputes. Covered Claims is defined in the Agreement to include any claim, complaint, or dispute related to Plaintiff's employment

> including claims involving any current or former . . . employee of Employer in their capacity as such, whether the disputes or claims arise under common law, in tort, contract, equity, or pursuant to a statute, regulation, or ordinance . . . including, but not limited to . . . interference with a contract or prospective economic advantage, defamation, . . . and discrimination . . . under any and all federal, state, or municipal statutes, regulations, ordinances, or common law.

 The FAA does not create independent federal question jurisdiction; instead, § 4 of the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute...." *Moses H. Cone Mem'l Hosp.*, *v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n. 32

(1983). Here, the Court has concluded that subject-matter jurisdiction exists due to diversity of citizenship, *see* 28 U.S.C. § 1332.

The FAA requires courts to enforce written agreements to arbitrate disputes and reflects a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24. "[C]ontract provisions directing arbitration shall be enforceable in all but limited circumstances." *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003).

Under Section 2 of the Federal Arbitration Act (FAA), "written arbitration agreements [are] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Anderson v. Carlisle*, 129 S.Ct. 1896, 1901 (2009). Section 2 "creates substantive federal law regarding the enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts." *Id.* (quotations omitted).

Plaintiff does not argue the validity or enforceability of the Arbitration Agreement. The Agreement clearly encompasses the claims Plaintiff is raising against his former employer. This is precisely the type of dispute the Agreement was intended to include. Arbitration must be compelled.

"The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. Super Shuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating

the district court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").  In *Green*, however, the Court recognized that district courts sometimes rely upon "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration."  *Id.* at 669-70.  Here, the entire controversy will be decided by arbitration. Thus, the Court will compel arbitration and dismiss the action.

## Conclusion

For the reasons stated herein, the Court concludes it has diversity jurisdiction over this matter. Further, Plaintiff executed a valid arbitration agreement.  The Arbitration Agreement is in effect and requires arbitration of Plaintiff's claims. The Motion to Dismiss and Compel Arbitration will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's to Remand, [Doc No. 12], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss and Compel Arbitration is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed.

A separate order of dismissal is entered this same date.

Dated this 25th day of March,  2024.


_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE